UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| BRANDON E. JENKINS,<br><br>    Plaintiff,<br><br>  vs.<br><br>DR. KENNEDY,<br><br>    Defendant. | NO. CV-06-337-EFS<br><br>**ORDER DISMISSING FIRST AMENDED COMPLAINT**<br><br>**1915(g)** |

BEFORE THE COURT is Plaintiff's First Amended Complaint, filed December 28, 2006. Plaintiff, a prisoner at the Spokane County Jail, is proceeding *pro se* and *in forma pauperis*; Defendant has not been served. After review of the First Amended Complaint, the Court finds it fails to cure the deficiencies of the initial complaint.

Plaintiff asserts Defendant Dr. Kennedy neglected to give Plaintiff proper medical attention between November 14, 2006, and December 4, 2006. Plaintiff admits Defendant Dr. Kennedy saw him three times between November 15, and November 30, 2006, and gave him eye drops for an eye infection. Plaintiff complains his requests to go to the hospital or see an eye doctor were denied until after Defendant Dr. Kennedy saw him on November 30, 2006.

Plaintiff states he saw a doctor at an eye clinic on December 4, 2006, who discovered scratches, infection, visual impairment and light

ORDER DISMISSING FIRST AMENDED COMPLAINT -- 1

sensitivity. Plaintiff complains Defendant Dr. Kennedy then refused to approve the clinic doctor's prescription for pain medication, allegedly causing Plaintiff to suffer even more. Plaintiff's initial complaint was signed November 16, 2006.

As advised in the Court's previous Order, a prisoner may not bring any suit with respect to prison conditions until such administrative remedies as are available are exhausted (42 U.S.C. § 1997e(a)). It is clear from the face of the complaints presented that Mr. Jenkins could not have exhausted all administrative remedies prior to initiating this action. Therefore, this action is subject to dismissal. *See Wyatt v. Terhune*, 315 F.3d 1108, 1120 (9th Cir. 2003); *McKinney v. Carey*, 311 F.3d 1198, 1200-01 (9th Cir. 2002) (*per curiam*).

In addition, Plaintiff's assertion of negligent medical treatment is insufficient to state a federal cause of action under 42 U.S.C. § 1983. *Hudson v. McMillian*, 503 U.S. 1, 9 (1992); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Plaintiff has alleged no facts from which the Court could infer Defendant Dr. Kennedy was deliberately indifferent to Plaintiff's serious medical needs. *Wilson v. Seiter*, 501 U.S. 297 (1991); *Farmer v. Brennan,* 511 U.S. 825, 837 (1994). Contrary to Plaintiff's assertions, negligence is not actionable under section 1983. *Davidson v. Cannon*, 474 U.S. 344, 347-48 (1986).

Therefore, **IT IS ORDERED** the First Amended Complaint is **DISMISSED without prejudice** for failure to state a claim upon which relief may be granted, 28 U.S.C. §§ 1915(e)(2) and 1915A(b)(1), and for failure to exhaust administrative remedies, 42 U.S.C. § 1997e(a).

ORDER DISMISSING FIRST AMENDED COMPLAINT -- 2

Pursuant to 28 U.S.C. § 1915(g), enacted April 26, 1996, a prisoner who brings three or more civil actions or appeals which are dismissed as frivolous or for failure to state a claim will be precluded from bringing any other civil action or appeal *in forma pauperis* "unless the prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).  **Plaintiff is advised to read the new statutory provisions under 28 U.S.C. § 1915**.  **This dismissal of Plaintiff's complaint may count as one of the three dismissals allowed by 28 U.S.C. § 1915(g) and may adversely affect his ability to file future claims**.

**IT IS SO ORDERED.**   The District Court Executive is directed to enter this Order, forward a copy to Plaintiff at his last known address, enter judgment, and close the file.  The District Court Executive is further directed to forward a copy of this Order to the Office of the Attorney General of Washington, Criminal Justice Division.

**DATED** this_____14th_____day of March 2007.


                              s/ Edward F. Shea
                              EDWARD F. SHEA
                              UNITED STATES DISTRICT JUDGE

Q:\Civil\2006\6cv337efs-2-28-dis1915g.wpd

ORDER DISMISSING FIRST AMENDED COMPLAINT -- 3